FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 8 2025

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

LORITTA JAMISON                                                                    PLAINTIFF

VS.                                           NO. 4:25-cv-173-BSM

DOUGLAS A. COLLINS
SECETARY OF VETERANS AFFAIRS                                     DEFENDANT

This case assigned to District Judge __Miller__
and to Magistrate Judge __Harris__

## COMPLAINT

Comes the Plaintiff, Loritta Jamison, by and through her attorney, Sheila F. Campbell, and for her Complaint, states:

### Introduction

Plaintiff, Loritta Jamison brings this action pursuant to Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000e and the Rehabilitation Act, 29 U.S.C. § 701 to remedy acts of employment discrimination and retaliation perpetrated against her by the management employees of the United States Department of Veterans Affairs. Plaintiff further asserts that management retaliated against her for having complained about its failure to accommodate her disabilities, and created a hostile working environment for her, causing her to suffer major depression and anxiety; failed to provide reasonable accommodation, punished her using medical leave and caused her to use medical leave because of the failure to accommodate her disabilities until she had used all of her leave.

### Jurisdiction

1. The Court has jurisdiction of the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. The Plaintiff, Loritta Jamison filed a charge of discrimination on September 23, 2023 and it was accepted for investigation on November 23, 2022 and amended on December 13, 2022.

3. That Final Agency Decision was issued on December 4, 2024, which is attached hereto as Exhibit "1". The Final Agency Decision concerned the Plaintiff alleging that she was subjected to discrimination based on disability and reprisal when on July 28, 2022, she was reassigned from the PTSD clinic to Mental Health Services (1L/111) and that she was subject of discrimination based on disability and reprisal when on August 3, 2022, she was reassigned from the PTSD clinic to Neuropsychology Clinic; that she was discriminated based on disability and reprisal when the Defendant delayed in providing the Plaintiff with approved reasonable accommodation equipment of partition wall, noise reducers and another stand/sit desktop; and that she was subject to discrimination based on disability and reprisal when on November 28, 2022, she was reassigned from the Neuropsychology Clinic (1L) to Mental health Clinic (1L)

## Venue

4. Venue is proper under 28 U.S.C. § 1391 because all the conduct complained of occurred within this District.

## Parties

5. Plaintiff is a citizen of the Untied States and a resident of the State of Arkansas. At all times relevant to this suit, she was employe with the Central Arkansas Veterans Hospital in North Little Rock, Arkansas.

6. Defendant, Douglas A. Collins is the Secretary of the Department of Veterans Affairs and he is being sued in his official capacity only.

## Statement of Facts

7. That Plaintiff has been employed with the Central Arkansas VHCS since February, 2016 as an Advanced Medical Support Assistant.

8. The Plaintiff has the following disabilities of Depression, Anxiety, Diabetes, High Blood Pressure, Diabetes, and Arthritis.

9. The Plaintiff's physician completed a medical certificate that the Plaintiff's mental disabilities impaired her ability to have interpersonal interactions and communications with veterans that have psychological disorders.

10. That the Plaintiff had been has received an acceptance of her accommodation by the Defendant that she have a sit/stand desk to accommodate her arthritis.

11. That the Plaintiff had requested accommodation for her mental disabilities of anxiety and depression and a medical certification was completed on 4-13-2021 wherein the Plaintiff's medical provider state that, "Client reports severe anxiety related to current work environment due to the demand and overwhelming workload. She experiences heightened anxiety that causes severe panic attacks and distress. This impairs the Plaintiff from handling phone calls and properly scheduling appointments due to her anxiety causing poor concentration. The Plaintiff should avoid psychological triggers which would allow her to operate at her maximum capacity".

12. That the Plaintiff was given assignments between July 28, 2022 to November 28, 2022 working with veterans with psychological problems in areas where there were 7 or 8 employes working in a small area with no privacy and an extreme noise level that aggravated the Plaintiff's depression and anxiety.

13. That the Plaintiff's reasonable accommodation equipment was not moved with her when

she was reassigned from area to area in the Mental Health Clinic in violation of rights for her rights for her physical disability to be accommodated.

14. Plaintiff also suffers from Lichen Planus, an inflammatory condition that affects her gums when she is stressed and her physician recommended that she be moved to an assignment that was less stressful.

15. That the Plaintiff requested that her mental disabilities be accommodated by either giving her a private office, a cubicle that reduced the noise and ear plugs and or allow telework and extra breaks.

16. That the Defendant's management never had any interactive process with the Plaintiff to seek to accommodate her mental or physical disabilities that substantially affected her life activity of working.

17. On September 23, 2022, the Plaintiff, her supervisor, Tamkia D. Jamison, Michael Ballard, LCSW, Associate Chief of Staff met with the Plaintiff to have an interactive process regarding her request for accommodation and it was agreed that the Plaintiff would be moved from the window and be given a desk in a private workspace and those terms were agreeable as a reasonable accommodation for her mental disabilities, but the arrangements to effectuate the accommodations never occurred.

18. An assessment was made on September 22, 2022, that the Plaintiff be provided with a standing desk to allow for computer monitors to be set at a proper elevation for the employee; that a chair with adjustable lumbar support and arms that adjust to allow for the employee to support her arms be provided; that the employee be provided with adjustable foot stool to ensure her legs are properly supported while maintaining appropriate bend at the knee.

19. That it was determined that proper furnishings are necessary to prevent lost time of

employee due to musculoskeletal injury and to prevent further aggravation of existing injuries to maintain production.

20. That the Plaintiff was reassigned from the PTSD Clinic to Mental Health Service on July 29, 2022 without accommodating her mental disabilities by providing her with a work space where she was not in constant interaction with veterans with psychological conditions that caused her depression and anxiety to be exacerbated.

21. That the Plaintiff was reassigned from PTSD Clinic to Neuropsychology Clinic without accommodating her mental disabilities by providing her with a workspace where she was not in constant interaction with veterans with psychological conditions that caused her depression and anxiety to be exacerbated.

22. That Plaintiff was reassigned on November 28, 2022, from Neuropsychology Clinic to the Mental Health Clinic (1L) without accommodating her mental disabilities by providing her with a workspace where she was not in constant interaction with veterans with psychological conditions that caused her depression and anxiety to be exacerbated.

## Count I.

### (Violation of Rehabilitation Act of 1973, 29 U.S. C. § 710 et seq.)

23. Plaintiff realleges and incorporates by reference each and allegation contained in paragraph numbered 1 through 22.

24. That the Plaintiff is a qualified disabled persons due to her physical and mental health impairments pursuant to the Rehabilitation Act of 1973.

25. That the Plaintiff requested the Defendant to provide reasonable accommodations for her physical and mental health impairments including but not limited to a ergonomic

an environment where her anxiety and depression would not be aggravated by <u>interpersonal interactions with veterans that had psychological disorders, a request for a</u> small office, or a cubicle or to perform telework, to have additional breaks, none of which was provided.

26. Defendant has discriminated against the Plaintiff by denying her reasonable accommodation for her disabilities, including her stress and anxiety in violation of Rehabilitation Act of 1973, 29 U.S.C. § 701 et. Seq., as amended.

27. Defendant conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of the Plaintiff.

28. By reason of the Defendant's discrimination, the Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act.

29. Attorney's fees should be awarded under 29 US.C. § 794(a)(1).

## Count II.

### (Reprisal for Engaging in Protected Activities)

30. Plaintiff realleges and incorporates by reference each and allegation contained in paragraph numbered 1 through 29.

31. Defendant retaliated against the Plaintiff by denying her reasonable accommodations in her assignment because of her prior activities where she protested that she was not being accommodated under the Rehabilitation Act of 1973.

32. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by the Rehabilitation Act of 1973. The stated reasons for the Defendant's conduct were not the true reasons, but instead pretext to hide the Defendant's retaliatory animus.

## Prayer for Relief

**WHEREFORE,** the Plaintiff requests that the Court award her:

(a)  Compensatory damages for all of the time that she had to use for sick leave and annual leave as a result of the aggravation of her mental health conditions;

(b)  The sum of $300,000.00 in compensatory damages suffered for her anxiety and emotional distress suffered as a result of the Defendant's discrimination and retaliation

(c)   Costs and reasonable attorney's fees incurred with this lawsuit with interest thereon, and

(d)   Other damages and further relief as deemed just.

## JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted,

/s/Sheila F. Campbell
Sheila F. Campbell   83-239
Attorney at Law
2510 Percy Machin Dr.
North Little Rock, AR  72114
(501)  374-0700 (telephone)
(501)  372-5273(fax)
Sheila.sfclaw@gmail.com

# DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

## TRANSMITTAL OF FINAL AGENCY DECISION OR ORDER

**TO:** The Parties
Representatives of the Parties (if applicable)
ORMDI Field Office
EEOC Administrative Judge (if applicable)

**SUBJ:** Final Agency Decision or Order

| | |
|---|---|
| Complainant: | Loritta Jamison |
| Agency No.: | 2003-598A-2022-147908 |
| EEOC No.: | 490-2023-00140X |

Enclosed is the Department's Final Agency Decision or Final Order concerning the above-referenced complaint of employment discrimination.

The Final Decision/Order includes a statement explaining Complainant's right of appeal and right to file a civil action.

The transmittal to Complainant and, if applicable, Complainant's representative, includes EEOC Form 573 (MSPB Form 185, if the subject complaint is a "mixed case") for use should Complainant wish to appeal the enclosed Final Decision/Order.

If Complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORMDI field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

Enclosure(s)

**EXHIBIT**

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

In Reply Refer To:  00D

Sheila F. Campbell
sheila.sfclaw@gmail.com

RE:  FINAL AGENCY DECISION
     *Loritta Jamison v. Department of Veterans Affairs*
     ORMDI Case No. 2003-598A-2022-147908

Dear Ms. Campbell:

This letter constitutes the Final Agency Decision concerning the Equal Employment Opportunity complaint your client filed on September 23, 2022, alleging discrimination against officials of the Central Arkansas Veterans Healthcare System in Little Rock, Arkansas. Specifically, your client alleged that she was subjected to discrimination based on disability and reprisal when:

A) On July 29, 2022, the Supervisory Medical Support Assistant (S1), reassigned the Complainant from the PTSD Clinic to Mental Health Service (1L /111).

B) On August 3, 2022, S1 reassigned the Complainant from the PTSD Clinic to the Neuropsychology Clinic.

C) From August 8, 2022, to September 1, 2022, S1 delayed providing the Complainant with approved reasonable accommodation equipment of a partition wall, noise reducers, and another desktop.

D) On November 28, 2022, S1 reassigned the Complainant from the Neuropsychology Clinic (1L) to the Mental Health Clinic (1L).

Although your client initially requested a hearing before an EEOC administrative judge, she subsequently withdrew this request. This case was received by our office for issuance of a final agency decision on September 12, 2024.[1]

---

[1] The record indicates that Complainant signed a Notice of Withdrawal of EEO Complaint dated June 5, 2023, which was after the investigation of this complaint. Apparently, the Complainant also requested a hearing before an Equal Employment Opportunity Commission (EEOC), administrative judge. While the complaint was under the jurisdiction of the EEOC, Complainant indicated to the EEOC administrative judge

1

**Applicable Law**

The law prohibiting employers from retaliating against employees due to their engagement in prior protected EEO activity is Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. § 2000e et seq. ("Title VII"). The law prohibiting discrimination based on disability is the Rehabilitation Act of 1973, as amended, 29 U.S.C. 706; 791 et seq. Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614.

In addition to prohibiting discrimination, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq., requires affirmative action on the part of employers to provide reasonable accommodation to qualified individuals with disabilities unless the agency can show that the accommodation would cause an undue hardship. Mui P. v. Dep't of Agriculture, EEOC Appeal No. 0120152712 (Jan. 26, 2017). Employers must provide reasonable accommodations to a qualified individual with a disability with a substantially limiting impairment or a "record of" such an impairment. Employers need not provide accommodation to individuals who are regarded as having a disability but are not actually disabled. 29 C.F.R. §1630.2(o).

*Disparate Treatment*

In the absence of direct evidence of discrimination, claims alleging disparate treatment must satisfy a three-part analytical framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The complainant must first prove a prima facie case. The burden then shifts to the agency to provide a legitimate, nondiscriminatory reason for its actions. To prevail, the complainant must prove, by a preponderance of the evidence, that the explanation is pretext, i.e., not the true reason for the action. Jill M. v. Dept. of Justice, EEOC Appeal No. 0120151116 (Feb. 2, 2018).

To establish a prima facie case of disability discrimination under the disparate treatment theory, a complainant must generally show: (1) the existence of a disability; (2) that she or he is a "qualified" individual; (3) knowledge by the employer of the disability; and (4) an adverse personnel action under circumstances giving rise to an inference of disability discrimination (e.g., treated differently than similarly situated employees who are not disabled or who have different disabilities). See e.g., Orosz v. Dep't of Commerce, EEOC Appeal No. 01970955 (Oct. 20, 2000); Oberg v. Department of the Navy, EEOC Request No. 05890451(1989).

In order to establish a prima facie case of reprisal, a complainant must demonstrate that: (1) she or he engaged in protected EEO activity; (2) the agency was aware of the protected EEO activity; (3) subsequently, she or he was subjected to adverse treatment by the agency; and (4) a nexus exists between the protected EEO activity and the adverse treatment. See Sharolyn S. v. Department of Commerce, EEOC Appeal No. 2022001136 (June 5, 2023).

---

that the withdrawal of her complaint was a mistake. The EEOC administrative judge nullified Complainant's withdrawal and further processed the instant complaint. (Report of Investigation [ROI], p. 93; FedSEP)

2

*Reasonable Accommodation*

An employer should respond expeditiously to a request for reasonable accommodation. See Enforcement Guidance on Reasonable Accommodation at Question 10. If the employer and the individual with a disability need to engage in an interactive process, this too should proceed as quickly as possible. Similarly, the employer should act promptly to provide the reasonable accommodation. Unnecessary delays in the reasonable accommodation process can result in a violation of the Rehabilitation Act. In determining whether there has been an unnecessary delay in responding to a request for reasonable accommodation, relevant factors include: (1) the reason(s) for delay, (2) the length of the delay; (3) how much the individual with a disability and the employer each contributed to the delay; (4) what the employer was doing during the delay; and (5) whether the required accommodation was simple or complex to provide. Marjorie F. v. Dep't of Veterans Affairs, EEOC Appeal No. 2022001439 (June 14, 2023).

**Discussion**

*Disparate Treatment*

The record shows that your client participated in prior protected EEO activity in 2021 and 2022 and that the Supervisory Medical Support Assistant (S1), Complainant's second-level supervisor, and the Associate Chief of Staff, Mental Health Service (S2), Complainant's fourth line supervisor, were aware of Complainant's prior protected EEO activity.[2] Complainant testified that her disabilities are depression, anxiety and diabetes. The record shows that S1 was aware of your client's disability (diabetes) during the time period relevant to this complaint. S2 testified that he was only aware that Complainant has recurring back pain.

We shall assume for the purpose of further analysis only that your client established a prima facie case of disability discrimination and reprisal with regard to the claims raised in this complaint. We proceed below to determine whether the Agency articulated legitimate, nondiscriminatory reasons for its actions.

Regarding Claims A and B[3], S1 testified that a collaborative management decision was made to reassign Complainant from the PTSD Clinic to Mental Health Service (1L/111) Neuropsychology Clinic because she was grossly underperforming in the PTSD Clinic. S1 explained that Complainant's first level supervisor reported to him that Complainant was perpetually late for work and late from breaks, she often abandoned her work station and she produced far less than any other employee, even employees of a lesser pay grade. S1 stated that Complainant was not technically reassigned, but she was moved to

---

[2] Complainant was an Advanced Medical Support Assistant (AMSA), GS-6/7 during the time period relevant to this complaint. (Report of Investigation [ROI], Tab 7-1, p. 68)
[3] S1 testified that Claim A and Claim B are the same claim. He noted that on July 29, 2022, Complainant was moved from the PTSD Clinic to the Mental Health Clinic where she would support Neuropsychology. Complainant's testimony regarding Claim A and Claim B do not indicate that the claims were based on different incidents. (ROI, Tab 7-2, p. 155; Tab 7-1, pp. 74-80)

3

a different area within the service where the demands were far less than those required in the PTSD Clinic which led to a decrease in assigned responsibility. S1 denied that his actions were based on your client's disability or prior EEO activity. (ROI, Tab 7-2, pp. 150-154)

Regarding Claim C, the Reasonable Accommodation Coordinator (RAC), testified that during the time period relevant to this complaint, Complainant was approved for the following reasonable accommodations: an ergonomic keyboard and a sit/stand desk. RAC stated that Complainant mentioned to her that she was being moved to another workstation and she needed her equipment to be moved. RAC forwarded Complainant's request to her supervisor so a work order could be placed for Complainant's equipment to be moved. RAC stated that she believed there was a delay in moving the equipment because the desk requires the Office of Information Technology (OIT) to disconnect the monitors and then the warehouse movers can move the desk. RAC testified that a delay resulted because OIT and/or the warehouse movers schedules were booked. There is no indication in the record that Complainant had been granted partition walls or noise reducers as an accommodation in 2022. (ROI, Tab 7-4, pp. 192-194)

Other management officials testify that a purchase order was initiated on August 22, 2022, to purchase a standing desk for Complainant. (ROI, Tab 7-3, p. 183, Tab 7-7, pp. 220, 230)

An email contained in the record indicates that Complainant met with management officials concerning her accommodations and work assignment on September 23, 2022, wherein she informed management that a recent ergonomic consultation of her workspace indicated that the standing desk Complainant was using exacerbated her medical condition and she no longer planned to use it. (ROI, Tab 7-2, p. 168)

Regarding Claim D, S2 testified that he suggested Complainant be reassigned to Neuropsychology Clinic on November 28, 2022, for the needs of the service because while assigned to the PCT Clinic she produced very little tangible work. S2 noted that according to Complainant's AMSA position description, she is qualified to perform AMSA duties in any clinic area within Mental Health Service. S2 denied treating your client in a discriminatory manner. (ROI, Tab 7-5, pp. 222-227)

An email contained in the record dated September 23, 2022, indicates that Complainant requested to be reassigned and that an agreeable arrangement for reassignment was achieved. (ROI, Tab 7-2, p. 168)

Based on the foregoing, management has provided legitimate, nondiscriminatory reasons for their actions. Your client offers no evidence to rebut the veracity of these reasons, nor does she offer any probative evidence to show that disability or retaliatory animus towards her played a role in management's actions. Moreover, a review of the record likewise is devoid of any evidence to suggest that management's reasons were a pretext or that Complainant's disability and/or protected EEO activity were factors in the actions at issue.

Accordingly, your client fails to prove, by a preponderance of the evidence, that she was subjected to discrimination or retaliation with regard to the allegations herein.

*Reasonable Accommodation Delay*

Your client asserts that she was not provided with an ergonomic sit/stand desk from August 8, 2022, to September 1, 2022, when she was reassigned to the Neuropsychology Clinic. The record shows that various management officials took steps to provide Complainant with the sit/stand desk, and that there was a delay due to the availability of warehouse movers and OIT technicians who are required to move and install the equipment. There is also an indication that on August 22, 2022, a new desk was ordered for Complainant. We find that the preponderance of the evidence shows that management was diligently working to provide the desk for Complainant and there is insufficient evidence to establish that there was an unreasonable delay as it was apparently installed on September 2, 2022. Further, it is noted that on September 23, 2022, your client informed management that she no longer intended to use the sit/stand desk. In view of the foregoing, we find that your client failed to establish a violation of the Rehabilitation Act with regard to Claim C.

Your client has the burden of showing that management intentionally discriminated and/or retaliated against her. After a complete review of the record, we find no reason to question the credibility of management's testimony and we find no evidence of discrimination or retaliation. For these reasons, we find that your client failed to establish by a preponderance of the evidence that she was discriminated against based on disability or reprisal with regard to the allegations raised in this complaint.

If you disagree with this decision you may appeal it to the EEOC's Office of Federal Operations, as specified in the RIGHT OF APPEAL. You may also file a Civil Action in Federal District Court as specified in the RIGHT TO FILE A CIVIL ACTION.

## RIGHT OF APPEAL

Complainant may appeal this final decision or order within 30 calendar days of receipt to: **Equal Employment Opportunity Commission, Office of Federal Operations (EEOC- OFO)**. The appeal may be filed via the EEOC's Public Portal, U.S. Mail, or Hand-Delivery.

1. **EEOC-OFO recommends that all submissions and communications from complainants be electronic.**

   a. **Appeals submitted electronically should be completed via the EEOC Public Portal at https://publicportal.eeoc.gov/Portal/Login.aspx.** See warning below and detailed instructions attached.

5

## WARNING!

Attorneys and non-legal representatives MUST <u>NOT</u> use the EEOC Public Portal to file appeals on behalf of their clients as the portal will incorrectly list the representative as the complainant. Therefore, COMPLAINANTS MUST file electronic appeals themselves through the EEOC Public Portal regardless of whether they are represented.

b. **Appeals submitted by mail should be completed by using EEOC Form 573.** A copy of EEOC Form 573 is attached. Appeals submitted by mail should be sent to:

> Director
> U.S. Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 77960
> Washington, D.C. 20013

c. **As an alternative to mailing the appeal, the appeal may be hand-delivered to**:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 131 M Street N.E., Suite 5SW12G
> Washington, D.C. 20507-0004

**2. If mailing or hand-delivering the appeal to the EEOC-OFO, a copy of the appeal must also be sent to the VA Office of General Counsel at the following address:**

> Department of Veterans Affairs
> Office of the General Counsel (024)
> 810 Vermont Ave., N.W.
> Washington, DC 20420

3. Statements or briefs in support of the appeal must be submitted to the EEOC-OFO within 30 calendar days of the filing of the appeal. The EEOC-OFO will accept statements or briefs in support of an appeal by facsimile transmittal at (202) 663-7022. <u>If statements or briefs are submitted by mail or hand delivery, a copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement," must also be sent to the VA's Office of General Counsel at the above address.</u>

4. If an appeal is filed with the EEOC-OFO by mail or hand delivery, the appeal, and any subsequently filed statement or brief, must contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

5. If Complainant files an appeal with the EEOC-OFO beyond the above-noted time limit, Complainant should provide the EEOC-OFO with an explanation as to why the appeal

6

should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the EEOC-OFO may dismiss the appeal as untimely.

### RIGHT TO FILE A CIVIL ACTION

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action as follows:

(1) within 90 days of receipt of this final decision <u>if no appeal to the EEOC-OFO has been filed</u>; OR

(2) within 90 days after receipt of the EEOC-OFO's final decision on appeal; OR

(3) after 180 days from the date of filing an appeal with the EEOC-OFO if there has been no final decision by the Commission.

Complainant must name the official head of the Department of Veterans Affairs, **Denis McDonough**, as the Defendant. Complainant may not name just the Department. Complainant must also state the official title of the Department head, which is the **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case. **Please consult your District Court's website for procedures to file a civil action and any COVID-19-related changes in procedures.**

If Complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date Complainant receives the final decision from the Department or the Commission.

MARY LYNNE POPIDEN
Digitally signed by MARY LYNNE POPIDEN
Date: 2024.12.04 11:34:37 -05'00'

12/4/2024

Mary Lynne Popiden
Director, Office of
Employment Discrimination
Complaint Adjudication

Date

Enclosure: EEOC Form 573

7

# DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

## CERTIFICATION OF SERVICE

Complainant's Name:     Loritta Jamison
Agency Case No.:        2003-598A-2022-147908
EEOC Hearing No.:       490-2023-00140X

I certify that on this date, the foregoing Final Agency Decision was sent via electronic mail to the individuals and parties shown below. For timeliness purposes, it shall be presumed that the parties received the foregoing Final Agency Decision within five (5) calendar days after the date it was sent via electronic mail.

Complainant:

Loritta Jamison
Loritta.Jamison@va.gov

Complainant's Representatives

Sheila F. Campbell
Shiela.sfclaw@gmail.com

Debra Williams
Debra.Williams8@va.gov

ORMDI Field Office:

Office of Resolution Management, Diversity and Inclusion (08N)
ORMContinentalDistrictFrontOffice@va.gov

Agency's Representatives:

Marie Sherman
Dana.Sherman@va.gov

MARCELLA CALLENDER
Digitally signed by MARCELLA CALLENDER
Date: 2024.12.04 13:21:35 -05'00'

Signature of Dispatcher

12/4/2024

Date of Dispatch